FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VITALIY VLADIMIRAVICH NAZAR, individually,<br><br>  Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA INC., a Delaware Corporation, and JOHN DOES 1-100,<br><br>  Defendants. | No.  2:18-cv-00348-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, is Defendant Harbor Freight Tools USA, Inc.'s Motion for Summary Judgment, ECF No. 159. In this action to recover for injuries Plaintiff allegedly sustained when a hydraulic jack malfunctioned, causing a flatbed trailer to fall on his arm, Defendant seeks summary judgment, arguing (1) Plaintiff failed to adequately plead entitlement to punitive damages under California law, (2) Plaintiff's claim under the Washington Consumer Protection Act (CPA) fails because there is no evidence he was "induced" by Defendant to buy the jack at issue, and (3) Plaintiff's claim under the Washington Products Liability Act (PLA) fails because Plaintiff's actions were the sole

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT – 1

proximate cause of his injuries.[1] *See* ECF No. 159 at 2–20. Having reviewed Defendant's motion, the record in this matter, and the relevant legal authorities, the Court is fully informed and grants Defendant's motion with respect to punitive damages but denies it with respect to the legal sufficiency of Plaintiff's claims.

## BACKGROUND

This personal injury action revolves around a twenty-two-ton air/hydraulic jack, allegedly designed, manufactured, and sold by Defendant Harbor Freight Tools USA, Inc. under the brand name Pittsburgh Automotive. *See* ECF No. 160 at 2–3. Plaintiff, who was employed as a diesel mechanic, used the jack to raise a flatbed trailer in order to service one of the vehicle's brakes. *Id.* The jack allegedly malfunctioned due to a design defect, causing the trailer's brake drum to fall on his arm. ECF No. 1-3 at 4–5. Plaintiff alleges he sustained injuries to his hand and forearm, for which he seeks to recover from Defendant. *Id.* at 7.

## LEGAL STANDARD

The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the

---

[1] Defendant also argues Plaintiff failed to plead certain claims which he now seeks to advance by way of the Notice of To-Be-Adjudicated Claims, ECF No. 115. Because the Court has continued the trial in this matter and intends to set a new deadline for the amendment of pleadings, Defendant's motion in this respect is denied as moot.

outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Thus, the Court must accept the nonmoving party's evidence as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may not assess credibility or weigh evidence. *See id.* Nevertheless, the nonmoving party may not rest upon the mere allegations or denials of its pleading but must instead set forth specific facts, and point to substantial probative evidence, tending to support its case and showing a genuine issue requires resolution by the finder of fact. *See id.* at 248–49.

## DISCUSSION

**A.    Plaintiff is not entitled to recover punitive damages**

"Under the principle of dépeçage, different issues in a single case arising out of a common nucleus of facts may be decided according to the substantive law of different states." *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 309 P.3d 555, 563 n.15 (Wash. Ct. App. 2013). In selecting the appropriate state's law, Washington courts evaluate which locale has "most significant relationship"

to the issue in question, applying the test set out in the Restatement (Second) of Conflict of Laws. *See Johnson v. Spider Staging Corp.*, 555 P.2d 997, 1000 (Wash. 1976). When the claims at issue sound in tort, the relevant considerations include: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered. *Id.* This analysis is both quantitative and qualitative: the Court does not merely tally relevant contacts, but considers which contacts are more significant to the issues in a given case.

Plaintiff argues California law, which provides for the recovery of punitive damages, applies in this action. Without citation or elaboration, Plaintiff argues neither his residence nor the place of his injury—both Washington—have any "special significance" to the issue of punitive damages. ECF No. 188 at 5. The Court disagrees; doubtless the State of Washington has strong interests in governing products that result in injury to its residents, all the more so when those injuries occur within the state's borders. Indeed, if these contacts are irrelevant to the analysis in this case, Plaintiff fails to explain in what kind of case they *would* be relevant. *See Johnson*, 555 P.2d at 1002 (noting a presumption that law of state where injury occurred applies). In short, even if the situs of Plaintiff's injury and his residence are not *dispositive* of the choice-of-law analysis, they are surely

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 4

relevant and weigh in favor of applying Washington's law.

Plaintiff contends California's law should apply to the issue of punitive damages because Defendant is headquartered, and makes business decisions including those concerning product development, in California. ECF No. 188 at 8–9. While these contacts are no doubt significant, the Court cannot find they overcome the presumption that Washington's law applies in this case, involving an injury to a Washington resident, within Washington's borders, by a product Defendant marketed and sold in Washington. *See Zenaida-Garcia v. Recovery Sys. Tech., Inc.*, 115 P.3d 1017, 1020 (Wash. Ct. App. 2005) ("Although there is a presumption that in personal injury cases, the law of the place of the injury applies, this presumption is overcome if another state has a greater interest in determination of a particular issue."); *see also* ECF No. 161-13 at 2.

As such, notwithstanding any technical deficiency in Plaintiff's pleading, the Court finds Washington law controls in this case. Because Washington law does not permit an award of punitive damages unless specifically authorized by statute—and no statute at issue in this case does so—Plaintiff cannot recover punitive damages, and summary judgment is appropriate on that aspect of the Complaint. *See Dailey v. N. Coast Life Ins. Co.*, 919 P.2d 589, 590 (Wash. 1996).

**B.  Plaintiff's CPA claim is legally sufficient to survive summary judgment**

Defendant next moves for summary judgment on Plaintiff's claim under

Washington's CPA, as well as Plaintiff's related claim for attorney fees, costs, and treble damages. ECF No. 159 at 7–9. The CPA prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. Wash. Rev. Code § 19.86.020. A *prima facie* CPA claim requires a plaintiff to show: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting the public interest; (4) an injury to the business or property; (5) that is proximately caused by the unfair or deceptive act or practice. *See Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531, 534–35 (Wash. 1986). The causation element is satisfied by evidence that "the defendant induced the plaintiff to act or refrain from acting." *Desranleau v. Hyland's, Inc.*, 450 P.3d 1203, 1210 (Wash. Ct. App. 2019) (citing *Robinson v. Avis Rent a Car System*, 22 P.3d 818, 823 (Wash. Ct. App. 2001)).

Defendant argues Plaintiff's testimony conclusively proves he was not "induced" by Defendant to purchase the hydraulic jack at issue in this case. ECF No. 159 at 9. Specifically, Defendant points to Plaintiff's testimony that he bought the jack because his employer "had one, and [] needed another one." ECF No. 161-4 at 14. Defendant asserts this testimony establishes it "did nothing by way of advertising, contacting [Plaintiff], or anything else to 'induce' him to purchase" its product. ECF No. 159 at 9.

But while a CPA claim premised on affirmative misrepresentations requires evidence of a link between the alleged misrepresentation and the Plaintiff's actions,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 6

the criteria for "causation is different for omissions of material fact." *Deegan v. Windermere Real Estate/Ctr.-Isle, Inc.*, 391 P.3d 582, 587 (2017). In such cases, Washington courts apply a rebuttable presumption that the plaintiff relied on the defendant's representations concerning the product, so as to avoid putting the plaintiff in the "impossible position" of proving "they believed the opposite of the omitted fact when they made their purchase." *Id.* (quoting *Schnall v. AT&T Wireless Servs., Inc.*, 161 P.3d 395, 401 (2007)).

Plaintiff's CPA cause of action rests on his allegation that Defendant's misrepresentation—in the form of its *omission* that the subject jack would fail under routine conditions—induced Plaintiff's purchase and resulted in his injuries. *See* ECF No. 32 at 8. Defendant's argument, therefore, attempts to put Plaintiff in exactly the kind of "impossible position" the rebuttable presumption of inducement is meant to avoid, by forcing him to prove he bought the jack because he believed the opposite of the alleged omission. *See Deegan*, 391 P.3d at 587. To be sure, Plaintiff's testimony about his motivation for buying the jack at issue is relevant evidence of whether he was induced to make the purchase by Defendant's representations. Even so, Defendant has not shown that *no* rational juror could find the element of Plaintiff's CPA claim met, and thus summary judgment is not warranted. *See* ECF No. 191 at 2 (Plaintiff's declaration attesting "I would not knowingly purchase an unsafe jack.").

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 7

**C.    Plaintiff's PLA claim is legally sufficient to survive summary judgment**

Finally, Defendant moves for summary judgment on Plaintiff's claim under Washington's PLA. ECF No. 159 at 9–20. A claim under the PLA requires the Plaintiff to establish "(1) a manufacturer's product (2) that was not reasonably safe as designed (3) caused harm to the plaintiff." *Bruns v. PACCAR, Inc.*, 890 P.2d 469, 474 (Wash. Ct. App. 1995). Proximate causation under Washington law requires two related but distinct elements: cause in fact (or "but for" causation), and "legal causation," which encompasses "policy considerations as to how far the consequences of defendant's acts should extend." *Hartley v. State*, 698 P.2d 77, 83 (Wash. Ct. App. 1985). Defendant argues that for two reasons,[2] Plaintiff has failed, as a matter of law, to establish legal causation. *See* ECF No. 159 at 10.

First, Defendant argues Plaintiff acted unreasonably by working under the flatbed trailer without first securing it with jack stands, as required by his employer's policy, industry custom, and the subject jack's product manual. *See* ECF No. 159 at 13–15. But even accepting Defendant's argument at face value for purposes of its motion, there is clearly a dispute of material fact precluding

---

[2] Defendant also argued Plaintiff is unable to prove cause in fact because Defendant sought to exclude the testimony of Dr. Stephenson, Plaintiff's expert liability witness. *See* ECF No. 159 at 2. However, the Court denied Defendant's motion to exclude Dr. Stephenson's testimony with leave to renew, *see* ECF No. 271, and so denies this aspect of Defendant's motion for summary judgment, also with leave to renew.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 8

summary judgment, as Plaintiff contends he was in the process of removing the trailer's wheel "*so that he could place jack stands as instructed*" when the jack failed and the trailer fell on his arm. ECF No. 188 at 19 (emphasis added); *see also* ECF No. 190-3 at 4–5. Furthermore, Washington law recognizes that for any given injury, there may be multiple proximate causes—and in such cases, the "concurring negligence of a third party does not necessarily break the causal chain from original negligence to final injury." *Smith v. Acme Paving Co.*, 558 P.2d 811, 816 (Wash. Ct. App. 1976). Accordingly, even assuming a jury credited Defendant's version of events, it does not necessarily follow that, as Defendant argues, "Plaintiff's failure to heed his training and the clear warning and instructions is the sole proximate cause of his accident." ECF No. 159 at 11; *see Lundberg v. All-Pure Chem. Co.* 777 P.2d 15, 19 (Wash. Ct. App. 1989) (comparative fault may reduce, but does not bar, damages under the PLA).

Second, and relatedly, Defendant argues Plaintiff's PLA claim fails because his injuries did not arise out of his use of the jack as reasonably intended. ECF No. 159 at 11. Defendant contends it could not have reasonably foreseen that Plaintiff would use its jack to lift a flatbed trailer off the ground, and place his body beneath the trailer, without securing the load using jack stands. *Id.* at 13. But as discussed above, Plaintiff has come forward with sufficient evidence of an alternative version of events—that he was *in the process* of securing the trailer with

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 9

jack stands when the jack malfunctioned, causing his injuries. ECF No. 190-3 at 4–5. And, as above, even if the jury were to agree with Defendant's version of the facts giving rise to Plaintiff's injury, such a finding would not necessarily preclude it from apportioning fault to Defendant's allegedly faulty design. *Smith*, 558 P.2d at 816; *Lundberg,* 777 P.2d at 19. In short, Defendant has failed to establish that Plaintiff's claim under the PLA is deficient as a matter of law, and thus summary judgment is inappropriate.

## CONCLUSION

Though the Court finds Plaintiff has failed to establish that California law should apply to the availability of punitive damages in this action, it disagrees with Defendant that Plaintiff's CPA and PLA claims fail as a matter of law. Because genuine disputes of material fact remain as to those latter claims, the Court grants Defendant's motion for summary judgment in part and denies it in part.

//

//

//

//

//

//

//

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 10

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Motion for Summary Judgment, **ECF No. 159**, is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED IN PART WITH LEAVE TO RENEW**, as described above.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 14th day of August 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 11